LAW OFFICES OF
# FREDERICK L. SOSINSKY
45 BROADWAY, SUITE 3010
NEW YORK, NEW YORK 10006

TELEPHONE (212) 285-2270
TELECOPIER (212) 248-0999
EMAIL: FredS@newyork-criminaldefense.com

May 30, 2014

BY ECF
Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re:   United States v. Mohammad Ajmal Choudhry
                                 13 Crim. 0150 (S-1)(WFK)

Dear Judge Kuntz:

      Defendant Mohammad Ajmal Choudhry respectfully submits this letter, post-hearing, in furtherance of his motion to suppress unrecorded oral statements it is alleged he made to agents of the Department of Homeland Security on February 25, 2013.

      In short, we submit that the Court should not credit the testimony of Special Agent Matthew Maguire, the only witness to testify at the hearing, to the extent that Agent Maguire's account suggests, on the one hand, that Mr. Choudhry knowingly invoked his right to counsel after being advised of his *Miranda* rights, while on the other claims that within two minutes of such knowing assertion of his constitutional right, and without any prompting from agents whatsoever, Mr. Choudhry began spontaneously to make statements to the agents, following which he again asserted that he wanted to have a lawyer there prior to any questioning. In order for the Court to accept this premise, it must find that the defendant understood what his constitutional rights were, insisted that any questioning take place only after he was provided with the lawyer these rights guaranteed him, and then literally moments later, in direct contradiction to his stated intent to invoke his rights and for no reason apparent from the record, Mr. Choudhry decided to make unprovoked statements about the very subjects that he appreciated agents sought to question him about in the first place.

      We submit that the scenario testified to does not make sense. Rather, we urge the Court to find as a far more likely factual circumstance that following Mr. Choudhry's initial invocation of his Fifth Amendment right to counsel, agents had to have, in violation of his rights, engaged Mr. Choudhry in a back and forth manner over the subsequent ten or so minutes in which it is claimed he made substantive statements to them. The fact that Mr. Choudhry refused to sign any waiver of his rights supports a finding that he would not voluntarily, in the absence of questioning or its functional equivalent, go on to do that which he has just announced he will not do without a lawyer

present -- talk about the subjects that agents told him at least twice he had been arrested for.

Here, in contrast to the cases cited to by the Government, there was no break, pronounced or otherwise, between the time when Mr. Choudhry invoked his right to counsel and when he allegedly blurted out the statements at issue. Nor was there a change in the location where these inconsistent events purportedly transpired. In *United States v. Montana*, 958 F.2d 516 (2d Cir. 1992), a period of four hours had passed between the time Montana invoked his privilege against self-incrimination at DEA headquarters and the time that he volunteered an inculpatory statement while sitting in a courtroom awaiting presentment. The court found that defendant "had ample opportunity to reassess his situation and voluntarily determine whether to waive his constitutional right." *Id.* at 519. Likewise, in *United States v. Colon*, 835 F.2d 27 (2d Cir. 1987), two days went by between the time defendant invoked his right to counsel following his arrest at the Port Authority airport office and when he made spontaneous incriminating statements while en route from the MCC jail in lower Manhattan to the courthouse in the Eastern District. And in *United States v. Annucci*, 2007 WL 1310156 (S.D.N.Y. May 3, 2007), the statements found to be admissible notwithstanding defendant's earlier assertion of his right to counsel at the time he was arrested at his home were made at least 15 minutes later and in a completely different setting, inside of an agent's vehicle on the drive from New Jersey to New York.

At bar, unlike these cases, there is simply no evidence in the record that creditably explains why Mr. Choudhry would invoke his constitutional right and then immediately thereafter in the very same room to the very same agents deliver the testified-to statements.

For this reason and the others contained in our moving papers, we ask the Court to order suppression of the statements.

Thank you for your consideration.

Respectfully yours,

Frederick L. Sosinsky

FLS: bms

cc: Amanda Hector, Esq. (by ECF)
    Richard Tucker, Esq. (by ECF)
    Margaret Gandy, Esq. (by ECF)