AH/MEG/RMT
F.#2013R00312

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA           13 CR 150 (S-2) (WFK)

     - against -

MOHAMMAD AJMAL CHOUDHRY,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## THE PARTIES' JOINTLY PROPOSED VOIR DIRE


LORETTA E. LYNCH                                Frederick L. Sosinsky, Esq.
United States Attorney                          *Counsel for the Defendant*
Eastern District of New York


Amanda Hector
Richard M. Tucker
Margaret E. Gandy
Assistant U.S. Attorneys
(Of Counsel)

PRELIMINARY STATEMENT

The parties respectfully request that the following summary be provided to the prospective jurors at the outset of jury selection:

> This is a criminal prosecution by the United States. The defendant, Mohammad Ajmal Choudhry, is charged in an indictment with several offenses. An indictment is simply the means by which the government gives a defendant notice of the charges and brings the defendant to court. The indictment is merely an accusation, and nothing more. It is not evidence and is not to be considered by the jury in arriving at a verdict. In response to the indictment, the defendant has pleaded "not guilty." The defendant is presumed to be innocent unless and until his guilt has been proven by the government beyond a reasonable doubt. If you are selected as a juror in this case, it will be your duty to determine whether, based on the evidence presented at the trial, the government has proven beyond a reasonable doubt that the defendant is guilty of the crimes charged in the indictment. If the government does not meet its burden of proof for a defendant, you must find the defendant not guilty.
>
> In this criminal case, the defendant is charged by way of an indictment with: (1) conspiracy to commit murder in a foreign country; (2) fraud and misuse of a petition for an alien relative; and (3) transmission of threats to injure.
>
> More specifically, the government alleges that the defendant communicated in interstate commerce threats to injure people in Pakistan that he believed were responsible for helping his daughter run away from her arranged marriage; that the defendant, while in the United States, conspired with others in Pakistan to have those same people killed in Pakistan; and that the defendant submitted immigration paperwork to the U.S. government that he knew contained materially false information, including his daughter's forged signature. As I already indicated, the defendant has pleaded "not guilty" to these charges.

In addition, and in accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the parties respectfully request that the following voir dire questions be included along with the Court's standard voir dire questions:

I.      Personal Experience with the Criminal Justice System

1. Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Department of Justice, the Department of Homeland Security ("DHS"), the U.S. State Department's Diplomatic Security Service ("DSS") or any other law enforcement agency?

2. Have you, a family member or close friend ever been charged with a crime or been the subject of a criminal investigation? If so:

   a. What was the nature of the crime or investigation involved?

   b. What was the outcome?

   c. Do you think you or your family member or friend were treated fairly by the criminal justice system? If not, please explain why you feel the treatment was unfair.

3. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, with any agencies or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

4. Have you, or have any of your relatives or close friends ever been the victim of a crime and, if so, were you satisfied with any law enforcement response? If so, what were the circumstances?

      5.      Have you, or have any of your relatives or close friends ever been a witness in a grand jury investigation or been questioned in any matter by law enforcement agents? Have you, or have any of your relatives or close friends ever been a witness or complainant in a prosecution, whether federal, state or local?

      6.      The government's witnesses in this case will include law enforcement agents. Have you or any of your relatives or close friends had negative experiences with law enforcement agents or officers? Describe those experiences. If so, would those experiences impact your ability to be a fair and impartial juror in this case?

      7.      Do you believe that any group does not receive fair treatment from prosecutors or law enforcement agencies? Do you believe that any group receives preferential treatment from prosecutors or law enforcement agencies? If yes, can you put aside any such opinions or beliefs and evaluate this case based upon the evidence presented at trial, in accordance with the Court's instructions?

      8.      This case will relate, in part, to events that took place in Pakistan. Do you have any strong feelings about the country of Pakistan or the Pakistani government? If yes, can you put aside any such opinions or beliefs and evaluate this case based upon the evidence presented at trial, in accordance with the Court's instructions?

II.    <u>Jurors' Background</u>

      1.      We respectfully request that the Court inquire as to the following:

           a.      Educational background;

           b.      Military background;

4

        c.      Present employment and job duties (including supervisory responsibilities);

        d.      Significant past employment;

        e.      General neighborhood of residence;

        f.      Individuals who live with juror and their occupation(s);

        g.      Marital and parental status;

        h.      Newspapers, periodicals and internet websites regularly read.

    2.      Whether the juror or any family member or close friend has ever worked in law enforcement;

    3.      Whether the juror or any family member or close friend has ever worked for a criminal defense lawyer or private investigator; and

    4.      Whether the juror has previously served as a juror and, if so:

        a.      When did they serve?

        b.      Was it a civil or criminal case?

        c.      Was it in state or federal court?

        d.      Did the jury in that case reach a verdict?

III.    <u>Bias or Sympathy As Related To This Case</u>

    1.      Is there anything about this case that causes you to favor one side over the other?

    2.      Do you have any biases or prejudices against members of racial, ethnic, national or religious groups that would make it difficult for you to be fair and impartial in this case?

5

3. Do you have any knowledge about the parties or the case that might influence you in deciding the case?

4. Will you be able to wait until all the evidence is in before making up your mind?

5. The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in the case?

6. Will each juror accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether the defendant on trial here is guilty?

7. Under our system of law, the defendant is presumed to be innocent, and that presumption stays with him unless and until you are satisfied from the evidence before you that his guilt has been proven beyond a reasonable doubt. Further, because he is presumed under the law to be innocent, no defendant is required by law to prove that he is not guilty or innocent of the charges. Indeed, a defendant does not have to prove anything at a criminal trial. Rather, the government must prove a defendant's guilt beyond a reasonable doubt? Is there any juror who would not be able to follow these principles?

8. In the event that the defendant does not testify at this trial, I will instruct you that this is not a factor which can in any way impact upon or even be considered by you during your deliberations. Is there any juror who would not follow this principle?

9. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

IV. <u>Names</u>

    1. Do you know any of the following individuals?

        a. Defendant Mohammad Ajmal Choudhry

        b. AUSAs Amanda Hector, Rich Tucker and Maggie Gandy

        c. Defense counsel Fred Sosinsky

        d. DSS Special Agent Matt Maguire

        e. DHS Special Agent Chris Heck

        f. Mohammad Afzal Choudhry

        g. Mohammad Akmal Choudhry

        h. Amina Ajmal Choudhry

        i. Ruhksana Abbas

        j. Seemab Abbas

        k. Nayab Abbas

        l. Shujat Abbas

        m. Nasreen Ajmal Choudhry

        n. Jamil Choudhry

        o.        Shakeel Choudhry

        p.        Khalil Choudhry

        q.        Amir Shazad

        r.        Katherine Pratt Ewing

V.    <u>Places</u>

        1.        Are you familiar with the Punjab Province of Pakistan?

Dated:    Brooklyn, New York
               June 11, 2014

Respectfully submitted,

LORETTA E. LYNCH                                  Frederick L. Sosinsky, Esq.
UNITED STATES ATTORNEY               *Counsel for Defendant*

Amanda Hector
Richard M. Tucker
Margaret E. Gandy
Assistant United States Attorneys
(Of Counsel)