

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AH/RMT/MEG
F.#2013R00312

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 22, 2014

By Hand and ECF

The Honorable William F. Kuntz II
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mohammad Ajmal Choudhry
                  Criminal Docket No. 13-150 (WFK)

Dear Judge Kuntz:

      The government respectfully submits this motion in limine to preclude the defense from eliciting on cross-examination certain false exculpatory statements that were made by the defendant following his arrest. As discussed further below, because those statements constitute hearsay, they are inadmissible at trial.

I.    Background

      The defendant made certain statements to agents following his arrest on February 25, 2013. As the Court has ruled:

> For reasons only known to the Defendant, he then began to make spontaneous, unprovoked, and incriminating statements, at first, related to the visa charge and then the events in Pakistan. The Defendant spoke at length, for approximately ten minutes, and in English, concerning various aspects of the charges. Instead of engaging in this conversation, the agents twice reminded the Defendant that he had invoked his right to counsel and that they would not ask him any questions. At no point during the Defendant's tirade was he improperly questioned, confronted with evidence, or even encouraged to be honest and tell the facts.

(June 6, 2014 Memorandum & Order at 10).

During the defendant's statement to agents following his arrest, he addressed topics including: his daughter's arranged marriage; accusations that Shujat Abbas blackmailed his daughter; accusations that Abbas escaped from a Dubai jail; accusations that Abbas attempted to win over his daughter to obtain a United States visa; a statement that "he has no control over other events in Pakistan"; the suggestion that Abbas's debtors had arranged for the murder of Abbas's relatives in Pakistan; a claim that "he did not know who killed people in Pakistan, despite a police report filed by Abbas'[s] relatives stating that [the defendant's people] were responsible for the murder of Abbas'[s] relatives"; an admission to filing the U.S. visa petition for his daughter's husband; an explanation of his motive for filing the visa petition; an admission that he "might have said [to his daughter that] if you don't come home I'll kill the boy"; and an admission that his brother "might have been" at the scene of the shooting of Abbas's relatives. (June 6, 2014 Memorandum & Order at 5 n.6).

As the Court noted, many of the defendant's statements to agents were self-serving and falsely exculpatory. Accordingly, the government anticipates introducing only the following of the defendant's post-arrest statements through Diplomatic Security Service Matthew Maguire's testimony on direct examination at trial:

- "I can talk about the visa, but not about Pakistan."

- The defendant recalled that, at some point, Amina Ajmal called him and told him she was coming to the United States, and he became upset because she was in the United States but had not come home to his house.

- "I filed the paper. I want good life over here." The defendant claimed that, in his opinion, he thought that if he could just get Babar to the United States and reunited with Ms. Ajmal, without Shujat Abbas, that Ms. Ajmal would change her mind and live happily with Babar, as Ms. Ajmal's other sisters were doing in the United States with their arranged spouses.

- The defendant stated, "I might have said if you don't come home I'll kill the boy," referencing his wish that Ms. Ajmal return to his house in Brooklyn.

- The defendant added that his brother, Mohammad Akmal Choudhry, "might have been" at the scene of the shooting of Mr. Abbas's relatives in Pakistan earlier that day.

II.   Legal Framework

A defendant's statement to law enforcement officials following his arrest may be offered into evidence by the government on two possible bases:

> When the government offers in evidence the post-arrest statement of a defendant it commonly does so for either of two

2

> reasons. It may wish to use the statement to establish the truth of the matter stated. In these circumstances, under Rule 801(d)(2)(A) the statement is not hearsay, because it is simply a statement of the opposing party. On the other hand, the government may wish to offer the statement to show that the defendant made false representations to the authorities, from which the jury could infer a consciousness of guilt, and hence guilt.

United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).

The defendant does not have a parallel ability to offer his own statements into evidence. "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible. When the defendant offers his own statement simply to show that it was made, rather than to establish the truth of the matter asserted, the fact that the statement was made must be relevant to the issues in the lawsuit." Id.

The government is under no obligation to offer exculpatory statements when it offers inculpatory admissions. See United States v. Johnson, 507 F.3d 793 (2d Cir. 2007) (holding that the court properly bifurcated a defendant's post-arrest statement and precluded the defense from introducing a self-serving portion of the defendant's post-arrest statement); United States v. Branch, 91 F.3d 699, 728 (5th Cir. 1996) (finding that "self serving [exculpatory] statement that does not contradict, explain, or qualify the rest of the statement" did not need to be offered by Government under rule of completeness when government offered inculpatory statements); United States v. Smith, 794 F.2d 1333, 1335-36 (8th Cir. 1986) (holding that district court did not err in precluding cross-examination on portions of post-arrest statement describing relationship to co-defendant and implicating co-defendant when government offered admission that defendant had been present at time of co-defendant's arrest).

Nevertheless, there are certain instances when a defendant may require the admission of certain portions of a post-arrest statement when the government offers excerpts of a post-arrest statement. Rule 106 "is stated as to writings in Fed. R. Evid. 106, but Fed. R. Evid. 611(a) renders it substantially applicable to oral testimony." United States v. Alvarado, 882 F.2d 645, 650 n.5 (2d Cir. 1989). "Under this principle, an omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Jackson, 180 F.3d 55, 73 (2d Cir.), on reh'g, 196 F.3d 383 (1999).

"The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Marin, 669 F.2d at 84-85. The burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the

3

government intends to offer.  See United States v. Glover, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").  The district court has broad discretion in applying the completeness doctrine.  See Jackson, 180 F.3d at 73 (district court's application of rule of completeness is reviewed only for abuse of discretion).

III.    Discussion

As described above, the government intends to elicit testimony regarding selected portions of the defendant's post-arrest statement.  Because those selected portions relate to relatively narrow and discrete topics, Rule 106 and the completeness doctrine do not require the introduction of other portions of the defendant's statement.  Indeed, the portions of the defendant's statement that the government does not seek to admit consisted primarily of second-hand information that the defendant had heard about Mr. Abbas, such as rumors that Mr. Abbas had spent time in a Dubai jail, owed debts in Dubai, and had been engaged in illegally trafficking drugs and ammunition.  Because these unsubstantiated claims regarding Mr. Abbas are not necessary to clarify or explain the portions of the defendant's statement that the government does seek to admit, they constitute inadmissible hearsay.

IV.    Conclusion

For the foregoing reasons, the defendant should be precluded from attempting to elicit during cross-examination other portions of his-post arrest statement not introduced by the government on direct examination.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:    /s/
    Amanda Hector
    Richard M. Tucker
    Margaret E. Gandy
    Assistant U.S. Attorneys
    (718) 254-6212/6204/6213

cc:    Clerk of Court (WFK) (via ECF)
    Defense counsel (via ECF)